**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MIHRDAT HOVHANNISYAN** | **CIVIL ACTION NO. 26-0167** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **WARDEN JACKSON PARISH** | **MAG. JUDGE KAYLA D. MCCLUSKY** |
| **CORRECTIONAL CENTER** | |

## REPORT AND RECOMMENDATION

Petitioner Mihrdat Hovhannisyan,[1] a detainee at Jackson Parish Correctional Center

("JPCC") in the custody of the Department of Homeland Security ("DHS") and the Bureau of

Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28

U.S.C. § 2241.[2]  [doc. # 1].  For reasons that follow, the Court should deny the petition.

## Background

Petitioner is a citizen of Armenia.  [doc. # 1-2, p. 2].  "He arrived in the United States at

or near an unknown location on or about October 19, 2024."  *Id.*  "He was not then admitted or

paroled after inspection by an immigration officer."  *Id.*  He was taken into immigration custody

on approximately November 29, 2024.  *Id.*

On October 3, 2025, an immigration judge ordered Petitioner removed from the United

States of America but granted Petitioner's application for withholding of removal to Armenia.

[doc. # 1-2, p. 16].  Petitioner did not appeal the order of removal to the Board of Immigration

---

[1] Petitioner's 'A-Number' is 221-346-520.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Appeals.  [doc. # 1, p. 4].  The Government did not appeal the order granting Petitioner withholding of removal.  *Id.* at 6.

Petitioner filed the instant proceeding on approximately January 13, 2026.  [doc. # 1, p. 8].  He first claims that "ICE has violated [his] due process rights by denying him an individualized custody review . . . ."  *Id.* at 6.  Next, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), he claims that his continued detention has become unreasonable because removal is not foreseeable.  *Id.*  For his third claim, Petitioner alleges that ICE violated the Administrative Procedure Act ("APA") by detaining him after the immigration judge granted him withholding of removal.  *Id.*  Finally, Petitioner claims that prolonged detention at JPCC is exacerbating his pre-existing medical condition and causing him "more severe problems."  *Id.* at 7.

Petitioner seeks declaratory relief and release from detention.  [doc. # 1, p. 7].

## Jurisdiction

Under 28 U.S.C. § 2241(c)(3), the Court has federal subject-matter jurisdiction over habeas petitions filed by aliens claiming they are being detained "in violation of the Constitution or laws or treaties of the United States."  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  However, the 'REAL ID Act' of 2005 divests federal courts of jurisdiction over several categories of immigration proceedings.  *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005).  District courts may not review challenges to final orders of removal.  8 U.S.C. § 1252(a)(5); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).  And no federal court may review any action that is committed to the discretion of the Attorney General or the DHS Secretary, 8 U.S.C. § 1252(a)(2)(B)(ii), including decisions "regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole,"  8 U.S.C. § 1226(e).

2

The Supreme Court recognized a distinction between challenges to individual, discretionary detention decisions—which are prohibited—and "challenges to the statutory framework that permits [an] alien's detention without bail"—which remain cognizable under the habeas statute. *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (internal alterations omitted) (citing *Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While § 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA.").

Despite any statutory limitations on judicial review, federal courts retain "jurisdiction to review [an alien's] detention insofar as that detention presents constitutional issues," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005), such as "questions of law regarding the AG's statutory authority or the regulatory framework" governing immigration detention, *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 903 (S.D. Tex. 2007); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

## Law and Analysis

### I. Overstay in Detention

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut

that showing."  "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, however, Petitioner's claim is premature because when he filed this proceeding, he was not detained more than six months following the date his order of removal became final.  As above, he was ordered removed from the United States on October 3, 2025.  Under 8 U.S.C. § 1101(47)(B), an order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."[3] Further, an alien ordered removed has thirty days to appeal that decision to the Board of Immigration Appeals. 8 C.F.R. § 1003.38(b).  Here, Petitioner did not file an appeal with the Board of Immigration Appeals.  Thus, his order of removal became final thirty days after he was ordered removed, or on November 2, 2025.

Petitioner filed this proceeding on approximately January 13, 2026, less than six months after his order of removal became final (six months after November 2, 2025, is May 2, 2026). *See Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by *Zadvydas*); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because the petitioner "had not yet been in custody longer than the

---

[3] *See also Riley v. Bondi*, 606 U.S. 259, 267 (2025).

presumptively reasonable six-month post removal order period"), *cert. denied*, 544 U.S. 1066 (2005).

The Court should deny this claim as premature.

## II. Conditions of Confinement and Medical Care

Petitioner appears to raise claims concerning his conditions of confinement and alleged lack of medical care.

"Simply stated, habeas is not available to review questions unrelated to the cause of detention.  Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.  While it is correctly alluded to as the Great Writ, it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody."  *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."  *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007).  "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement.  *Davis v. Fechtel*, 150 F.3d 486, 487, 490 (5th Cir. 1998).  It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement."  *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020).[4]

---

[4] *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'") (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).

In *Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009), for instance, the petitioner sought habeas relief, challenging the conditions of his confinement. The court affirmed the dismissal of his claim, citing *Pierre* for the rule that habeas is simply not available.

Likewise, challenges concerning medical care are not cognizable here. *See Mora v. Warden, Fed. Corr. Complex, Yazoo City Medium*, 480 F. App'x 779, 780 (5th Cir. 2012) (affirming dismissal of a 2241 petition as "not cognizable" because it related to the petitioner's "medical needs, and a determination in his favor would not result in his accelerated release"); *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) ("[T]he district court found it could not grant her relief pursuant to Section 2241 because her application was 'not in reference to the imposed sentence—but for medical needs.' We agree."); *McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977).

Here, these claims are manifestly unrelated to the cause of Petitioner's detention. The Court should dismiss them.[5]

**III. Bond Hearing**

Petitioner claims that "ICE has violated [his] due process rights by denying him an individualized custody review . . . under ICE policy." [doc. # 1, p. 6].

---

[5] If Petitioner wants to pursue a civil rights action, he must file a separate proceeding, utilizing the appropriate complaint form. Petitioner should be aware that to file a separate civil rights proceeding, he must either pay the filing fee or submit a properly executed application to proceed in forma pauperis. Petitioner is advised that the cost of litigating a civil rights complaint under Section 1983 is significantly higher than the cost of litigating a habeas corpus petition. Petitioner should likewise be aware that he must exhaust all available administrative remedies before pursuing relief in this Court for his claims concerning conditions of confinement and medical care.

Petitioner, as above, has a final order of removal.  When he "became subject to an administratively final removal order," "authority for his detention then shifted to 8 U.S.C. Section 1231." *Vetcher v. Barr*, 809 F. App'x 254, 256 (5th Cir. 2020).  Under Section 1231, the Government is authorized to detain "noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022).  "During the removal period"—i.e., after "an alien is ordered removed"—"detention is mandatory" for ninety days. *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).

Following the ninety-day mandatory detention period, "An alien ordered removed who is inadmissible under section 1182 . . . may be detained beyond the removal period . . . ." 8 U.S.C. § 1231(a)(6).  Here, the Government found that Petitioner was inadmissible under Sections 212(a)(6)(A)(i), and 212(a)(7)(A)(i)(I).  [doc. # 1-2, p. 2].  Those Sections are codified under 8 U.S.C. § 1182.  Consequently, Petitioner is an "alien ordered removed who is inadmissible under section 1182" and may, therefore, "be detained beyond the removal period."  Section 1231(a)(6), "does not" require "the Government to offer detained noncitizens bond hearings after six months of detention . . . ." *Johnson*, 596 U.S. at 575; *see Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) ("§ 1231, unlike § 1226, does not entitle an alien to a bond hearing before an IJ.").

Further, with respect to due process, *Zadvydas* addressed the extent to which due process demands relief in the § 1231(a) setting, concluding that relief is required only when continued detention is unreasonable.  Consequently, the Government has not and is not violating Petitioner's right to due process.  *See Hernandez-Esquivel v. Castro*, 2018 WL 3097029, at *8-9 (W.D. Tex. June 22, 2018); *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020) ("The Supreme Court has had occasion to consider the constitutional implications of indefinite detention under § 1231(a). . . . [T]he Court offered us a standard through which to judge

indefinite-detention cases—the *Zadvydas* standard we applied in this case. We see no cause to question the wisdom of that decision."); *Castaneda*, 95 F. 4th at 760 ("[A] § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation.").[6]

The Court should dismiss these claims.

## IV. Administrative Procedure Act

Petitioner alleges that ICE violated the APA by detaining him after the immigration judge granted him withholding of removal. [doc. # 1, p. 6]. He adds that ICE deviated from its own policy by detaining him. *Id.*

Under the APA, courts may set aside unlawful, unconstitutional, or arbitrary and capricious agency actions. 5 U.S.C. § 706(2). Here, however, the Government (as explained above) is statutorily and constitutionally authorized to detain Petitioner. *See Johnson*, 596 U.S. at 575. "After entry of a final removal order and during the 90–day removal period, [] aliens must be held in custody. § 1231(a)(2). Subsequently, as the post-removal-period statute provides, the Government 'may' continue to detain an alien who still remains here or release that alien under supervision. § 1231(a)(6)." *Zadvydas*, 533 U.S. at 683. Thus, Respondents are not violating the APA by continuing to detain Petitioner.

## <u>Recommendation</u>

For the reasons above, **IT IS RECOMMENDED** that to the extent Petitioner Mihrdat

---

[6] *See also Linares v. Collins*, 2025 WL 2726549, at *5 (W.D. Tex. Aug. 12, 2025), *report and recommendation adopted,* 2025 WL 2726067 (W.D. Tex. Sept. 24, 2025) ("[T]he Supreme Court [in *Zadvydas*] set out the standard for when detention pursuant to § 1231(a)(6) violates due process: when there is no significant likelihood of removal in the reasonably foreseeable future. Use of this standard is also consistent with the practice of other district courts in the Fifth Circuit.") (citing cases).

Hovhannisyan seeks release under *Zadvydas,* his Petition be **DISMISSED WITHOUT PREJUDICE** to his right to re-file the claim should his confinement become unconstitutional.

**IT IS FURTHER RECOMMENDED** that Petitioner's claims concerning his conditions of confinement and medical care be **DISMISSED WITH PREJUDICE** here but **WITHOUT PREJUDICE** to his right to raise them in a separate civil rights action.

**IT IS FURTHER RECOMMENDED** that Petitioner's claim that the Government failed to afford him a bond hearing and claim under the Administrative Procedure Act be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of February, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge

9